IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VINICIO JESUS GARCIA, §<br>#01828198 §<br>    Petitioner, §<br> §<br>v. §<br> §<br>DIRECTOR, TDCJ-CID, §<br>    Respondent. § | No. 3:20-cv-03121-X (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Vinicio Jesus Garcia, a Texas prisoner serving a life sentence for murder, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he challenges a prison disciplinary proceeding. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DENY Garcia's petition.

I.

On October 4, 2019, Garcia was informed that he had been charged with threatening to harm a TDCJ officer when—two days earlier—he allegedly told the officer: "One day, you are going to pay for this, I will get you." Disciplinary Hearing Record (DHR) 3 (ECF No. 15-1). A disciplinary hearing was held on October 9 and 10, 2019, and Garcia was ultimately found guilty of the charge. *Id.* As punishment, Garcia lost (1) 45 days of

1

recreational privileges, (2) 45 days of commissary privileges, (3) 45 days of OTS (telephone) privileges, (4) 180 days of good-time credit, and his line class (good-time-earning status) was reduced from SS to L1, and. *Id.* There is no evidence that Garcia submitted any grievances in connection with his disciplinary case. *See* Resp., Ex. B 2 (ECF No. 14). Instead, Garcia filed a § 2254 petition in this Court arguing that his rights under the Due Process Clause were violated when he was prevented from introducing a video and an unsworn declaration at his disciplinary hearing. Pet. 6 (ECF No. 3). Garcia further argues that the "counselor lied." *Id.* Respondent filed a response. Garcia filed a reply. His claims are thus fully-briefed and ripe for determination.

## II.

The Due Process Clause of Fourteenth Amendment governs an inmate's rights in the prison disciplinary context. *See Wolff v. McDonnell,* 418 U.S. 539, 557 (1974). The Due Process Clause protects all changes in a prisoner's conditions of confinement having a substantial adverse impact. *Sandin v. Conner,* 515 U.S. 472, 478 (1995); *see also Toney v. Owens,* 779 F.3d 330, 336 (5th Cir. 2015) (there must be a deprivation of life, liberty, or property). Due process is satisfied in a disciplinary proceeding when the inmate gets a finding from an impartial decision maker and is also provided with: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the

2

evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Wolff*, 418 U.S. at 563-66. And without the imposition of an "atypical and significant hardship," an inmate lacks the basis for a federal lawsuit concerning a prison disciplinary action. *Sandin*, 515 U.S. at 484, 486. But the Due Process Clause applies to prison disciplinary proceedings where a prisoner is threatened with a loss of good time credit. *See Wolff*, 418 U.S. at 539, 556 ("Prison disciplinary proceedings are not part of a criminal prosecution, and the fully panoply of rights due a defendant in such proceedings does not apply.").

A.

As a result of his disciplinary conviction, Garcia lost recreational, commissary, and telephone privileges, and he suffered a reduction in line class from SS to L1. DHR 3 (ECF No. 15-1). But these punishments do not impose an "atypical and significant hardship" beyond "the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484. Rather, they constitute changes in Garcia's conditions of confinement, and they do not implicate the protections afforded by the Due Process Clause. *See id.* at 486 (holding no liberty interest was implicated when the prisoner was placed in administrative segregation); *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (finding a loss of commissary privileges and cell restrictions

3

did not implicate due process concerns). Therefore, to the extent that Garcia challenges these punishments, he has not stated a claim demonstrating he is entitled to federal habeas relief. *See Lowery*, 988 F.2d at 1367; *see also* 28 U.S.C. § 2254(a). Therefore, to the extent Garcia challenges his loss of privileges and reduction in line class, he fails to state a claim that entitles him to federal habeas relief.

B.

As a result of his disciplinary conviction, Garcia also lost 180 days of good time credit. DHR 3 (ECF No. 15-1). The United States Supreme Court has held that a state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Board of Pardons v Allen*, 482 U.S. 369, 378 & 378 n.10 (1987). Similarly, states have no duty to establish a parole system, and a prisoner therefore has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7-8 (1979). In Texas, there is no constitutional right to release on parole. *Creel v. Keene*, 928 F.2d 707, 708-09 (5th Cir. 1991); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Moreover, it is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (collecting cases). Finally, prisoners "cannot complain of the

constitutionality of procedural devices attendant to parole decisions." *Orellana*, 65 F.3d at 32.

Pursuant to the Texas mandatory supervision statute in effect when Garcia committed murder, he is not eligible for release to mandatory supervision regardless. *See* Tex. Gov't Code § 508.149(a)(2) (listing those Texas inmates ineligible for mandatory supervision and including first-degree murder). The Texas Legislature has determined that prisoners, like Garcia, who have committed first-degree murder, are ineligible for release to mandatory supervision. Likewise, Garcia has no liberty interest in lost good time. *See Malchi*, 211 F.3d at 957 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit); *Madison*, 104 F.3d at 768 ("state-created right [to good time-credit] is not arbitrarily abrogated"); *see also Campos v. Johnson*, 958 F. Supp. 1180, 1189 (W.D. Tex. 1997) ("No court has ever construed the Texas statutes relating to mandatory supervision as creating such a federally-protected right on behalf of Texas prisoners whose offenses are expressly and specifically excluded from the parameters of the Texas mandatory supervision statute."). For these reasons, Garcia cannot sustain a constitutional claim based on an argument that his disciplinary proceedings will adversely impact his eligibility for parole.

III.

For the foregoing reasons, the Court should DENY Garcia's § 2254 petition.

Signed October 26, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).